[No. 20173. Department One. February 14, 1927.]

J. H. CAMPBELL, *Respondent*, v. HIGHWAY CONSTRUCTION COMPANY, *Appellant*.[1]

[1] ACCOUNT (14)—EVIDENCE—ADMISSIBILITY. In an action on an account, evidence is admissible that defendant had agreed to pay all indebtedness incurred in certain work in which the parties were interested, including the wages due a third person.

[2] TRIAL (126)—GENERAL VERDICT—FORM—INCONSISTENCY. In an action for an accounting two verdicts upon the second cause of action are so inconsistent and uncertain as to require a new trial, where each was a general verdict complete in itself, one for $1,736.38 for plaintiff and one for $520.00 for defendant, and there being a dispute in the proof as to whether there was a possibility of credits in favor of the plaintiff in excess of the sum expressed in the two verdicts.

Appeal from a judgment of the superior court for Whitman county, Mills, J., entered December 3, 1925, upon the verdict of a jury in favor of the plaintiff, in an action for an accounting. Reversed.

*Hanna, Miller & Hanna* and *Randall & Danskin*, for appellant.

*Alex M. Winston* and *Clegg & LaFollette*, for respondent.

MITCHELL, J.—Plaintiff sued to recover on two causes of action, separately stated: (1) To recover damages for refusal to deliver capital stock of defend-

[1]Reported in 253 Pac. 457.

ant corporation alleged to have been purchased from it; (2) on an open account in the sum of $3,225, on which it was alleged that $1,480.62 had been paid, leaving $1,736.38 still due. The defendant denied generally both causes of action, affirmatively alleged several counterclaims, and also pleaded payment in defense of the second cause of action. The affirmative matters in the answer were denied by the plaintiff. The trial resulted in three general verdicts, one for the plaintiff in the sum of $7,500 in the first cause of action, another for the plaintiff in the sum of $1,736.38 in the second cause of action, and another for the defendant in the sum of $520 in the second cause of action. Defendant moved for a new trial on all the statutory grounds and also because the verdicts in the second cause of action were inconsistent. The motion was granted as to the first cause of action and denied as to the other one. Judgment was entered for the plaintiff in the second cause of action in the sum of $1,216.38, the difference between the amount of the two verdicts. The defendant has appealed.

The denial of appellant's motion for a nonsuit in the second cause of action is assigned as error. We are satisfied from the record that there was sufficient evidence in support of the cause of action to take it to the jury.

[1] One of the items in respondent's account against the appellant originated in a wage account of a third person. Appellant contends that it was error to admit testimony concerning it in the controversy between these parties. It appears that, while the respondent was personally engaged in highway construction in which appellant was interested or involved, the respondent employed this third person to perform services in and about the construction camp, that were not paid for. Thereafter, in settlement between the re-

spondent and appellant embracing the obligations
growing out of the construction operations conducted
by the respondent, the appellant agreed with the re-
spondent to pay all the indebtedness growing out of
the operations, including the specific claim of this third
person's wages. At least the respondent so testified,
and besides, in protection of the appellant against any
possible claim that this third person was employed by
the appellant through the respondent as its agent, the
respondent took an assignment of any claim the third
person might have against the appellant. Under these
circumstances the testimony objected to was properly
admitted.

[2] One of the principal assignments of error is
that the two verdicts in connection with the second
cause of action are inconsistent and illogical. Each of
them was a general verdict and complete within itself.
Each in terms referred to the second cause of action.
One of them was for the respondent and assessed his
recovery in the sum of $1,736.38, the other one was for
the appellant and assessed its recovery in the sum of
$520. If the appellant owed the respondent more than
the respondent owed it, appellant was not entitled to a
verdict at all. In such case, respondent only was en-
titled to a verdict and in such sum as equaled the dif-
ference between the two amounts. Still further, if re-
spondent owed the appellant more than it owed him,
then respondent was not entitled to a verdict, but only
the appellant and in such sum as equaled the difference
between the two amounts. In either situation, the re-
sult should have been expressed in a single verdict. The
same confusion arises if we view the verdicts in the
light of the record behind them. In the court's instruc-
tions, nothing was said about appellant's counterclaims
in connection with the first cause of action, but only in
connection with the second cause of action. The jury

was instructed generally as to the second cause of action and specifically as to certain items contained within it and that,

". . . if there is a difference in favor of the plaintiff, you will find for the plaintiff in that amount."

Then, instructing the jury with reference to the contentions and evidence on behalf of the appellant, the jury was advised that, if under the evidence the claim in favor of the defendant exceeds the claim of plaintiff upon the second cause of action, "then you will find for the defendant in whatever that difference might be should you find such a fact". The evidence has been examined and re-examined, not only from the abstract and supplemental abstract, but also from the statement of facts, from which it appears there were extensive business dealings between these parties over a number of years involving large financial transactions. Settlements and adjustments upon terms defined were claimed and denied in the testimony. Payments alleged to have been made were testified to and denied or responsibility for them disputed. From a careful consideration of all the evidence, however, we are not able to say but that within its scope there is the possibility of credits in favor of the appellant in excess of the sum of the amounts expressed in the two verdicts, the proof in support of that view being in dispute. The result is that, whether the two verdicts are taken as they appear upon their faces or viewed in the light of the record from which they flow, they possess too much uncertainty to constitute a proper basis for a final judgment.

This conclusion makes it unnecessary to discuss other assignments of error.

Reversed, and remanded to the superior court with directions to set aside the two verdicts in the second

cause of action and grant appellant's motion for a new trial.

TOLMAN, MAIN, and FULLERTON, JJ., concur.